UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANSEN LOGISTICS SERVICES, LLC,

        Plaintiff,

  v.                                  Case No. 14-CV-724

SHARAD TAK,

        Defendant.

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

      Plaintiff Jansen Logistics Services, LLC, sued Sharad Tak in state court on a guarantee Shak issued to cover the base pay for the first twelve months of a consultancy agreement Jansen signed with Tak's investment company, Tak Investments, Inc. Tak, a citizen of the State of Florida, removed the case to federal court pursuant to 28 U.S.C. § 1441. Because the sole member of Jansen Logistics Services, LLC, is Michael Jansen, a citizen of the State of Wisconsin, and the amount in controversy exceeds $75,000, the Court has jurisdiction under 28 U.S.C. § 1332. The case is before the Court on Tak's motion for summary judgment. Tak contends that the undisputed evidence shows that Jansen repudiated the consultancy contract with Tak Investments and thus no obligation covered by his personal guarantee ever arose. Resolving all factual disputes in favor of the plaintiff, as I am required to do in deciding a motion for summary judgment, I conclude that Tak's motion must be denied.

**BACKGROUND**

Over his nearly thirteen-year employment with Svenska Cellulosa Aktiebolaget (SCA), a global manufacturer of personal care, tissue and forest products, Michael Jansen developed a friendship and professional relationship with Tak, whose company, ST Paper, sold most of its parent roll supply tissue paper to SCA. Over a dinner conversation in mid-August 2013, Jansen told Tak that he may be leaving SCA due to the amount of travel his current position required and his desire to spend more time with his young children. Tak mentioned the possibility that Jansen could come to work for him, and over the next several months the two negotiated the terms of a consultancy agreement with Tak Investments, Inc.

Jansen explained to Tak that his current employment agreement with SCA contained a non-compete provision, but that he did not think it would prevent him from working for a supplier of SCA. Jansen also expressed reluctance to leave SCA without some assurance that he would be able to replace the financial security that the SCA position offered his family. To alleviate his concerns, Tak offered to personally guarantee the payments Jansen was to be paid over the first year of the agreement with Tak Investments. The consultancy agreement provided that Jansen would receive base pay each month of $200,000. Thus, the guarantee was for a total of $2.4 million for the first year. Tak did not ask to see the Jansen's employment agreement with SCA, however, nor did he take any steps on his own at that time to investigate whether Jansen could go to work for him without violating the non-compete provision.

The consultancy agreement and personal guarantee were signed by the parties on October 4, 2013, and were to take effect on February 1, 2014. Jansen gave Don Lewis, his supervisor at SCA, notice of his resignation on October 24, 2013, and informed him that his last day would be

2

January 3, 2014, but did not tell him at that time that he had taken a position with Tak Investments. Sometime in November, after Tak mentioned to Lewis that Jansen would be coming to work for him, Lewis stated to Tak that Jansen has a non-compete provision in his contract with SCA. Jansen thereafter spoke with Lewis about his new position with Tak and explained why he did not believe it would violate his non-compete with SCA. Although SCA never brought suit or threatened action against Jansen or Tak over the non-compete provision, SCA communicated to Tak that it was upset that Jansen going to work for Tak. In response, Tak told Jansen in late January 2014 that he did not think Jansen could come to work for him as they had agreed.

Jansen assured Tak that he was still ready, willing and able to perform his duties under the consultancy agreement and reminded him that he had given up a lucrative position at SCA in reliance on the contracts he entered into with Tak. After some discussion of possible buy-out terms, Jansen agreed that if Tak paid him the first year pay-out of $2.4 million in monthly installments over the next twelve months, Jansen would give Tak and his company a full release and waiver of any obligations owed under the consultancy agreement. Tak agreed, but insisted that Jansen tell SCA that he would not be working for Tak after all so as to remove the friction that seemed to have developed between SCA and Tak. At Tak's urging, Jansen then drafted and sent an email to SCA stating that he and Tak had decided not to proceed with their agreement and that Jansen would not be going to work for Tak without SCA's consent. (ECF No. 16-3.)

It is this email and the fact that Jansen never went to work for Tak Investments that forms the basis of Tak's claim that Jansen repudiated the consultancy agreement and thereby relieved Tak Investments of any obligation to pay him pursuant to that agreement. And since Tak Investments had no obligation to pay, Tak argues that it necessarily follows that no payment was due under his

3

personal guarantee. Jansen, on the other hand, denies that he repudiated the consultancy agreement with Tak Investments and contends that the only reason he has not performed work under the agreement is because Tak has refused to honor his commitments and allow Jansen to perform the work he agreed to do under the consultancy agreement.

## ANALYSIS

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). The facts are viewed in the light most favorable to the non-moving party, and all reasonable inferences are construed in favor of that party as well. *Foley v. City of Lafayette,* 359 F.3d 925, 928 (7th Cir. 2004).

Repudiation of a contract is, in essence, an anticipatory breach. *Pure Milk Products Co-op. v. National Farmers Organization*, 64 Wis.2d 241, 254, 219 N.W.2d 564 (1974). "[I]n order to constitute an anticipatory breach of contract (repudiation), there must be a definite and unequivocal manifestation of intention on the part of the repudiator that he will not render the promised performance when the time fixed for it in the contract arrives." *Wisconsin Dairy Fresh, Inc. v. Steel & Tube Products Co.*, 20 Wis.2d 415, 427, 122 N.W.2d 361 (1963). "Doubtful and indefinite statements that performance may or may not take place and statements that, under certain circumstances that in fact do not yet exist, the performance will not take place, are not held to create an immediate right of action." *Id.*

4

In this case, viewing the evidence in the light most favorable to Jansen, it is clear that no repudiation occurred. Jansen denies that he unequivocally manifested to Tak an intention not to perform the services called for under the consultancy agreement with Tak Investments. To the contrary, Jansen claims that he told Tak on January 29, 2014, that he was ready, willing, and able to perform the work called for by the agreement and claims he remains so even today. When Tak expressed the view that Jansen could not come to work for him as they agreed, Jansen contends that he reminded Tak that he had left a lucrative position at SCA to come to work for him in reliance on the contract and guarantee they had signed. It was on condition that Tak pay him the $2.4 million he would have earned in the first year of the contract over the next twelve months that Jansen agreed to relieve Tak of his obligations under the agreement and guarantee. Only when Tak agreed to resolve the matter in this way did Jansen agree to advise SCA that the two had decided that he would not be going to work for Tak. In other words, instead of repudiating the consultancy agreement with Tak Investments, Jansen claims that he reached a settlement with Tak when Tak told him he did not intend to follow through on his promises.

If what Jansen claims is true, then not only has Jansen not repudiated his contract with Tak Investments, but Tak has breached the settlement agreement he entered into with Jansen. If that is true, then Jansen could sue to enforce the settlement agreement, or alternatively, if in fact Tak breached the settlement agreement, Jansen could elect to rescind the settlement and sue on the consultancy agreement and Tak's personal guarantee of the first year's base pay. It may be that the complaint should be amended to state more clearly Jansen's claim and/or claims and theory of relief. In any event, Tak is not entitled to summary judgment on the ground that Jansen repudiated the

5

underlying agreement. A factual dispute between the parties precludes summary judgment in favor of the defendant on that ground. Accordingly, Tak's motion for summary judgment is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 1st day of July, 2015.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court