UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JANSEN LOGISTICS SERVICES, LLC,

    Plaintiff,

v.                                                        Case No. 14-CV-724

SHARAD TAK,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANT'S MOTION TO REQUIRE PLAINTIFF TO ESTABLISH A PREEXISTING DEBT WITH OBLIGATION UNDER THE CONSULTANCY AGREEMENT PRIOR TO TRIAL**

This case comes before the court on a second round of pretrial motions by the parties. Plaintiff filed a motion for reconsideration of nine previous motions in limine and three additional motions in limine. Defendant has filed a motion to require plaintiff to establish an existing debt with obligation under the consultancy agreement prior to the commencement of any trial to enforce the personal guaranty agreement by Sharad Tak. Needless to say, the parties have radically different theories of the case. The crux of the disagreement is whether Plaintiff Jansen Logistics needs to establish liability on the underlying contract before proceeding to trial against Defendant Tak on the personal guaranty. Because this court determines that Plaintiff must establish liability on the underlying contract in order to collect against Defendant on the personal guaranty, but need not do so before trial, Plaintiff's motion will be denied and Defendant's motion will be denied.

**A. Plaintiff's Motion**

Plaintiff argues in his brief that he is entitled to relief without establishing any liability on the underlying consultancy contract. In other words, he argues that he does not need to prove any liability on behalf of Tak Investments before proceeding against Defendant personally for debt under the personal guaranty. This is incorrect. This case hinges on whether Tak Investments had any contractual obligation to Plaintiff that has been guaranteed. A guaranty is a promise to pay what is owed by a third party. If the third party owes nothing, then the guarantor also necessarily owes nothing. *Park Bank v. Westburg*, 2013 WI 57, ¶ 64, 348 Wis. 2d 409, 436. What Plaintiff proposes here is that the court read the guaranty agreement like a signing bonus, personally payable by the Defendant. But that is not what the guaranty says. The court is not unsympathetic to Plaintiff's reading, given the vexing language used within the guaranty, which seems to have been modeled after a note guaranty. However, Plaintiff's reading is still wrong.

The language of the personal guaranty itself refutes Plaintiff's argument. The first paragraph states Defendant's liability: Tak is liable for "all payments *owed* by the company." The second paragraph clarifies that Defendant is liable for all payments that "become due" based on amounts "earned" by Plaintiff. This language does not portray an intent to pay Plaintiff $2.4 million just in consideration for Plaintiff quitting his job without any subsequent duty to perform. Rather, the correct reading of this language is that Defendant will be personally liable for any amounts owed by Tak Investments that have been earned by Plaintiff. Confusingly, Plaintiff largely concedes this interpretation: "Plaintiff does not dispute the 'unremarkable' requirement that, as one necessary element of its action against Tak here, Plaintiff must establish that the payments guaranteed by the Guaranty Contract were owed to Plaintiff by Tak Investments under the Consultancy Agreement and

2

were not paid when due." Yet this court will not take the next step Plaintiff requests and decide as a matter of law that Tak Investments owes Plaintiff $2.4 million under the consultancy agreement. The facts necessary to make such a determination are far from clear.

Defendant contends that Plaintiff's promised performance was impossible or that the purpose of the consultancy agreement was at least frustrated due to the non-compete provision in his contract with his previous employer, thereby relieving Tak Investments of its obligations under the consultancy agreement. Alternatively, Defendant argues that the parties mutually agreed to abandon the consultancy agreement when it became clear that Plaintiff's former employer strenuously objected and would likely institute litigation if they proceeded with it. Finally, Defendant argues that Plaintiff failed to mitigate his damages by not seeking employment after the consultancy agreement fell through, thereby reducing any amount Tak Investments would owe under the consultancy agreement and thus the amount of the payment Defendant would owe under the guaranty. These defenses raise factual issues that must be decided by a jury. As such, this court will not deny that same jury the information necessary to determine what if any amount Tak Investments actually owed Plaintiff.

**B. Defendant's Motion**

Contrary to Defendant's suggestion, this case is not premature. Under Wisconsin law, there is no need for a petitioner to pursue the underlying debt prior to bringing suit against a guarantor. *Trailer Rental Co. v. Buchmeier*, 800 F. Supp. 759, 763 (E.D. Wis. 1992) (citing *First Wisconsin National Bank of Oshkosh v. Kramer*, 74 Wis.2d 207, 212, 246 N.W.2d 536 (1976)) ("[A] creditor may proceed with an action against a guarantor without having commenced any proceedings against

3

the principal debtor."); *Park Bank*, 2013 WI at ¶ 60, 348 Wis. 2d at 433 ("A creditor is under no obligation to first seek collection from the principal debtor or any other guarantor under a guaranty of payment."). Thus, Plaintiff need not bring a direct suit against Tak Investments prior to seeking enforcement of the personal guaranty of Defendant.

However, as noted above, Plaintiff will need to establish that Tak Investments owes him his first year's salary under the consultancy agreement as a condition of relief under the guaranty. In other words, Plaintiff's claim against Tak Investments is an implicit element of its claim against Defendant. Therefore, while Plaintiff must establish Tak Investments' liability at trial, Defendant's motion to require Plaintiff to establish an existing debt with obligation under the consultancy agreement prior to the commencement of any trial is denied.

**Conclusion**

This case will go forward on the question of whether Tak Investments breached its contract with Jansen Logistics as an implicit and necessary question within the personal guaranty agreement. Defendant will be able to raise contract defenses that would have been raised by Tak Investments such as impossibility and frustration. Defendant will additionally be able to argue that Plaintiff mitigated damages or failed to reasonably mitigate damages. Defendant will also have the opportunity to argue that Plaintiff mutually agreed to abandon the contract. Likewise, Plaintiff can argue that Defendant breached the consultancy agreement, not allowing performance. If Defendant breached the consultancy agreement as Plaintiff claims, Plaintiff need only show he was ready,

4

willing, and able to perform in order to establish liability. These issues will be decided by a jury.

Accordingly, Plaintiff's motion for reconsideration is **DENIED** and Defendant's motion to require plaintiff to establish an existing debt with obligation under the consultancy agreement prior to the commencement of any trial to enforce the personal guaranty agreement by Sharad Tak is **DENIED**.

**SO ORDERED** at Green Bay, Wisconsin this 28th day of September, 2015.

    s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court